# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2023

Lyle W. Cayce
Clerk

No. 22-51042

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronnie Collins, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CR-468-4

_____

Before Smith, Graves, and Wilson, Circuit Judges.

Per Curiam:[*]

Ronnie Collins, Jr., was convicted by a jury of conspiracy to possess with the intent to distribute fifty grams or more of methamphetamine. The district court sentenced him to 360 months in prison and five years of supervised release.

Collins contends that the district court violated the Sixth Amendment by preventing him from fully cross-examining a prosecution witness in two

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

instances. The government introduced the testimony of Anthony Lopez, a member of the same conspiracy as Collins, who had pleaded guilty. Lopez testified that his source of drugs in Mexico was his godfather. On cross-examination, Lopez was asked for his godfather's name. The district court sustained the government's objection on the ground of relevance. Collins maintains that sustaining that objection deprived him of the opportunity to show that Lopez was shifting culpability to Collins to protect his relatives.

Lopez also testified that the conspiracy used a house at 907 Gevers Street for distribution. Lopez testified that he and Collins drove to the house to drop off nine ounces of methamphetamine and that Collins exited the car and brought the methamphetamine into the house. On direct examination and cross-examination, Lopez admitted that the factual basis for his guilty plea stated that he had entered the house and that he knowingly pleaded guilty based on the inaccurate factual basis supporting the plea. On cross-examination, the incident was addressed in detail, and Lopez was asked whether he was aware that law enforcement agents had testified that he got out of the car on that occasion. The government objected, and the objection was sustained.

"The Confrontation Clause guarantees a defendant the opportunity for effective cross-examination." *United States v. Lockhart*, 844 F.3d 501, 510 (5th Cir. 2016) (citation omitted). If there is no constitutional violation, we review the district court's restrictions on cross-examination for abuse of discretion. *United States v. Jimenez*, 464 F.3d 555, 558–59 (5th Cir. 2006). Collins has not established that his Confrontation Clause rights were violated with respect to either of the limits placed on his cross-examination of Lopez. With respect to the name of Lopez's godfather, Collins points to no specific reason the name of the godfather was required to allow the jury to draw the inference that Lopez was trying to protect his relative by inculpating Collins. Similarly, Collins has failed to suggest how Lopez's surprise by the testimony

of law enforcement officials regarding the Gevers Street incident would have had any effect on the jury's view of his reliability in light of his repeated admissions that he knew that the factual basis for his plea was false with respect to the incident. Collins has not shown that he was denied a constitutionally effective cross-examination of Lopez. *See United States v. Hitt*, 473 F.3d 146, 156 (5th Cir. 2006); *Lockhart*, 844 F.3d at 510.

Collins has failed to show that the district court abused its discretion in limiting his cross-examination of Lopez. *See Jimenez*, 464 F.3d at 558–59. As discussed above, Collins has not shown that he was prejudiced by the district court's limiting his cross-examination. *See United States v. Restivo*, 8 F.3d 274, 278 (5th Cir. 1993).

AFFIRMED.